UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
CHARLES SOLANO,

                Plaintiff,

      -against-

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

-----------------------------------------------------------X

**MEMORANDUM
DECISION AND ORDER
18-CV-228 (AMD)**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ FEB 28 2019 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

    The plaintiff seeks review of the Social Security Commissioner's decision that he was not disabled for the purposes of receiving disability insurance benefits under Title II of the Social Security Act. (ECF No. 1.) Both parties moved for judgment on the pleadings. (ECF Nos. 10, 16.) For the reasons set forth below, I grant the plaintiff's motion for judgment on the pleadings, deny the Commissioner's cross-motion, and remand the case for further proceedings.

## BACKGROUND

    On October 5, 2011, the 52-year-old plaintiff applied for disability benefits, alleging degenerative disc disease, lumbosacral radiculopathy, depression, anxiety, and chronic pain, with an onset date of November 5, 2009. (Tr. 360-61.) Administrative Law Judge ("ALJ") Joani Sedaca held a hearing on November 21, 2013, and in a decision dated July 16, 2014, found that the plaintiff was not disabled because the plaintiff's impairments did not meet a listing in the SSA regulations. (Tr. 184-87.) The ALJ further determined that the plaintiff had the residual functional capacity ("RFC") to perform sedentary work, provided that he not crawl, and only occasionally climb, balance, or kneel. (Tr. 187.)

1

In an order dated April 29, 2016, the Appeals Council remanded the plaintiff's claim for a new hearing and decision, finding that the ALJ should reevaluate the plaintiff's medical records, including the opinion of his treating physician, Dr. Singh, and reconsider the plaintiff's RFC. (Tr. 201-02.) ALJ Janet McEneaney then held two hearings — on August 17, 2016, and October 14, 2016 — at which the plaintiff appeared with counsel and testified. (Tr. 10, 38.) A vocational expert also testified at the October 14, 2016 hearing. (Tr. 10.) In a decision dated March 2, 2017, ALJ McEneaney found that the plaintiff was not disabled because his "severe" impairments did not meet or medically equal a listing. (Tr. 11-13.) The Appeals Council denied plaintiff's request for review on November 13, 2017, and ALJ McEaney's decision became the final decision of the Commissioner. (Tr. 1.)

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted). The court must defer to the Commissioner's factual findings when they are "supported by substantial evidence," but will not defer "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)) (internal citations omitted).

Thus, "[e]ven if the Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (quoting *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

The plaintiff's primary challenge to the ALJ's decision is that the ALJ did not give controlling weight to the opinions of Dr. Singh, Dr. DeRosa, and Dr. Fuzaylova, the plaintiff's treating physicians. (ECF No. 10 at 27-28.) The plaintiff also argues that the ALJ erred in giving "the greatest weight" to Dr. Shtock's opinion. (*Id.* at 26.) Because I conclude that the ALJ's decision to give Dr. Singh's and Dr. De Rosa's opinions "little weight" is not supported by substantial evidence, I remand for further proceedings.

The "treating physician" rule requires that "the opinion of a claimant's treating physician be accorded 'controlling weight' if it is well supported and not inconsistent with other substantial evidence in the record." *Corporan v. Comm'r of Soc. Sec.*, No. 12–CV–6704, 2015 WL 321832, at *4 (S.D.N.Y. Jan. 23, 2015) (citing *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000)); *see also Gavazzi v. Berryhill*, 687 F. App'x 98, 100 (2d Cir. 2017).[1] If the ALJ decides that the treating physician's opinion does not merit controlling weight, the ALJ must "comprehensively set forth his [or her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (internal quotation marks and citation omitted); *accord* 20 C.F.R. § 404.1527(c)(2). Key factors that the ALJ "must consider" include:

> (i) The frequency of examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion.

---

[1] The treating physician rule applies because the plaintiff filed his claim before March 27, 2017. 20 C.F.R. § 404.1527.

3

*Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004); *accord* 20 C.F.R. § 404.1527(d)(2). Failure to provide "good reasons" for the weight assigned to a treating physician constitutes grounds for remand. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999); *see also Halloran*, 362 F.3d at 33 ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physicians opinion. . . ."); *Fontanez v. Colvin*, No. 16–CV–01300, 2017 WL 4334127, at *18 (E.D.N.Y. Sept. 28, 2017) (the ALJ's "failure to provide 'good reasons' for not crediting a treating source's opinion is ground for remand") (internal citations omitted).

Dr. Singh began treating the plaintiff for lumbosacral tenderness and disc herniation in November of 2009; at the time of the first hearing before ALJ Sedaca, Dr. Singh had been treating the plaintiff for at least four and a half years. (Tr. 246, 563.) In an assessment dated March 1, 2013, Dr. Singh concluded from an MRI and an EMG/NCV that the plaintiff could lift or carry up to 10 pounds on occasion, could sit for up to three hours and stand or walk for up to 30 minutes in an eight hour workday, and could not engage in any activities where he was required to control his posture. (Tr. 928-31.) In a Spinal Impairment Questionnaire dated December 19, 2014, Dr. Singh diagnosed the plaintiff with lumbar disc herniation and lumbar radiculopathy, based on an MRI and an EMG/NCV, as well as lumbar tenderness and spasm, sensory loss in the lower extremities, and abnormal gait, among other things. (Tr. 1183.)

ALJ McEneaney gave "little weight" to Dr. Singh's March 2013 and December 2014 opinions; without citing specific examples, the ALJ found that Dr. Singh's conclusions were inconsistent with his "treatment notes," notes of "other treating sources," and "the subsequent clinical record." (Tr. 18.) The record does not support this conclusion. Dr. Singh cited MRI and EMG/NCV results, as well as clinical evidence, including the plaintiff's limited range of motion,

4

tenderness and muscle spasm in his lumbar spine, sensory loss in his lower extremities, muscle atrophy, muscle weakness, and motor loss in his right leg, swelling in the right side of his back, a positive straight leg raise test, and an abnormal gait. (Tr. 930, 1183-84.) These specific findings are consistent with Dr. Singh's clinical records, in which he documented lumbosacral spine tenderness and spasms, diffuse sensory loss down both lower extremities, and periodic antalgic gait. (Tr. 562-623, 870-99, 1434-99.)

Not only did Dr. Singh provide specifics for his conclusions, another of the plaintiff's treating physicians, Dr. De Rosa, made similar findings. Dr. De Rosa began treating the plaintiff in January 2010 for persistent lower back pain. (Tr. 1137.) Dr. De Rosa evaluated two MRIs of the plaintiff's spine and diagnosed the plaintiff with lumbar spine radiculopathy. (Tr. 624, 1137, 1152-58.) He also completed a Spinal Impairment Questionnaire in which he noted that the plaintiff had a limited range of motion, paraspinal muscular tenderness and spasm in his lumbar spine, reflex changes in his knees and ankles, muscle weakness, and a positive straight leg test. (Tr. 624-25.) As his records reflect, Dr. De Rosa was consistent in finding that the plaintiff had lower back tenderness, paraspinal tenderness, and midline muscle tenderness. (Tr. 501-07, 964-75, 1136-58.) Nevertheless, the ALJ gave Dr. De Rosa's opinions "little weight," concluding that they were "inconsistent" with other clinical records. (Tr. 17.)

Because the treating doctors' opinions were supported in the record, the ALJ's decision to afford them little weight is not supported by substantial evidence. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (treating physician rule requires that a treating physician's opinion be given "controlling weight" if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other

5

substantial evidence" in the record) (internal citations omitted); *Halloran*, 362 F.3d at 33; *Fontanez*, 2017 WL 4334127, at *18.

On remand, the ALJ should also reconsider her decision to reject the part of Dr. Shtock's conclusion in which he determined that the plaintiff could sit for only 30 to 40 minutes at a time, and for a total of four hours total during a workday. (Tr. 1166.) While the ALJ afforded Dr. Shtock's opinions "significant weight" generally, she did not adopt his "assessment of limitations in sitting," citing "the absence of evidence of significant nerve damage or neurological deficits." (Tr. 19.) She concluded that the plaintiff had the RFC to perform sedentary work, which would require that he sit for more than six hours a day. (Tr. 14.) The ALJ did not explain why "the absence of evidence of significant nerve damage or neurological deficits" meant that Dr. Shtock's determination about the plaintiff's ability to sit was wrong or inconsistent with the record. *See Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004) ("It is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his [or her] determination. . . ."); *Pacheco v. Barnhart*, No. 03-CV-3235, 2004 WL 1345030, at *4 (E.D.N.Y. June 14, 2004) ("[A]n ALJ cannot 'pick and choose evidence in the record that supports [her] conclusions.'") (internal citations omitted).

## CONCLUSION

Accordingly, the plaintiff's motion for judgment on the pleadings is granted, the Commissioner's cross-motion is denied, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                      _____

                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
        February 28, 2019